UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TERRELL BAPTISTE,<br><br>          Defendant. | Criminal Action<br>No. 08-cr-10369-PBS |

**ORDER**

April 3, 2019

Saris, C.J.

On January 13, 2010, Defendant Terrell Baptiste pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860; and felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Pursuant to a Rule 11(c)(1)(C) plea agreement, the Court (Tauro, J.) imposed a sentence of 180 months in prison. Baptiste now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), which the Government opposes.[1]

---

[1] Baptiste's plea agreement contains a waiver of his right to seek a modified sentence under § 3582(c). The Government does not seek to enforce the waiver.

1

Following the two-step approach to proceedings under § 3582(c)(2), I must first determine whether Baptiste is eligible for a sentence modification and the extent of the reduction authorized by U.S.S.G. § 1B1.10. See Dillon v. United States, 560 U.S. 817, 827 (2010). The Government does not contest that he is eligible for a sentence modification. See Hughes v. United States, 138 S. Ct. 1765, 1775 (2018) (holding that a defendant sentenced pursuant to a C-plea qualifies for a § 3582(c)(2) reduction if the Guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement"). Under U.S.S.G. Amendment 782, his revised total offense level is 31. With a criminal history category of IV, his reduced guideline sentencing range is 151 to 188 months.

Second, I must consider any applicable § 3553(a) factors and determine whether "the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Under the application notes to U.S.S.G. § 1B1.10, I must also weigh the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt.1.

2

In Baptiste's favor, many family members and friends have submitted letters demonstrating strong family and community support. He also has completed a number of drug abuse, psychological, educational, and other programs while in custody. He has accepted responsibility for his crimes and acknowledged his mistakes.

In response to Baptiste's motion, the Government raises a 2015 incident in which Baptiste was allegedly involved in an assault on a fellow inmate. Although Baptiste did not participate in the assault itself, the Government has provided evidence that he entered the cell after the assault took place to remove something and attempt to clean the cell in order to conceal the assault. Baptiste was charged with compounding a crime in connection with this incident. The charges were dismissed in 2017, though the Government contends this was not on the merits. Baptiste argues that the Court should not deny his motion based on this incident because the criminal charges were dismissed, he did not participate in the assault itself, and he was acquainted with the person who was assaulted. Additionally, he points to a 2016 Bureau of Prisons report that states that he "consistently follows institutional rules and has remained incident report free." Dkt. No. 62-1 at 3.

Although the charges against Baptiste in connection with the 2015 incident were serious, they were dismissed. I therefore

3

allow the motion to reduce his sentence. However, he does have disciplinary reports from December 2015 for possessing drugs or alcohol and from March 2017 for fighting. He is also serving a sentence for a crime involving gang violence and multiple firearms. In light of his disciplinary record and the serious nature of his conviction, a sentence at the low end of the new guideline range is inappropriate. I therefore **ALLOW** the motion for reduction of sentence (Docket No. 48) and reduce his sentence to 162 months.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge